UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

ADRIAN R. BROWN           )
                          )
            Petitioner,   )
                          )
v.                        )        3:06-cv-148
                          )        3:04-cr-130
                          )        *Jordan*
                          )
UNITED STATES OF AMERICA  )
                          )
            Respondent.   )


**<u>MEMORANDUM</u>**


This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Adrian R. Brown ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.


I. <u>Standard of Review</u>


This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    Factual Background

Petitioner pleaded guilty to conspiracy to distribute and possession with intent to distribute fifteen kilograms or more of cocaine hydrochloride and conspiracy to commit money laundering. Petitioner received a mandatory minimum term of imprisonment of life as to the drug conspiracy and 240 months as to the money laundering conspiracy, to be served concurrently, for a total effective sentence of life imprisonment.

Petitioner did not appeal his sentence. In support of his original § 2255 motion to vacate sentence, as amended, petitioner raises several challenges to the validity of the indictment, his plea agreement, and his guilty plea. Petitioner also alleges numerous instances of ineffective assistance of counsel and further alleges his right to due process and

2

a jury trial were denied. In a supplement to his original § 2255 motion, petitioner also alleges that his conviction for conspiracy to commit money laundering should be set aside in light of the Supreme Court's recent decision in *United States v. Santos*, 128 S.Ct. 2020 (2008).

III.  Discussion

*A.  Indictment, Plea Agreement, and Guilty Plea*

Petitioner alleges that the indictment against him was defective. He specifically alleges that Count Two, which charged him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), was defective because it did not charge an offense. Petitioner argues that Count Two did not refer to a particular financial transaction, but rather referred to several unspecified financial transactions, and thus did not track the statutory language. This claim lacks merit. *See United States v. Robertson*, 67 Fed.Appx. 257 (6th Cir. 2003).

> [Defendant] correctly identifies authority for the proposition that the crime of substantive money laundering is not a continuing offense, and that in such cases the government must allege and prove specific, discrete financial transactions. Nevertheless, [defendant] cites no authority for the proposition that the crime of *conspiracy* to launder money, under 18 U.S.C. § 1956(h), is not a continuing offense, nor are we aware of any. We conclude that this challenge fails.

*Id.* at 269 (citations omitted) (emphasis in original).

With respect to Count One, which charged petitioner with the drug conspiracy, he alleges that count was also defective because it charged a continuing offense involving multiple violations of 21 U.S.C. §§ 841(a) & (b). Again, this claim also lacks merit. Petitioner was charged with conspiracy to violate §§ 841(a) & (b), in violation of 21 U.S.C. § 846. As noted in *Robertson*, conspiracy is a continuing offense and petitioner was correctly charged with conspiracy to distribute drugs, rather than being charged with individual drug transactions. *See United States v. Martinez*, 430 F.3d 317, 330-31 (6th Cir. 2005).

Petitioner alleges his plea agreement was void because it provided that he waived his right to appeal; petitioner also claims his agreement to waive his right to appeal was not intelligently made. Along those same lines, petitioner alleges the district court conducted an inadequate Rule 11 hearing and failed to inform petitioner of the nature of the charges against him, the elements of the offense which the government would be required to prove, the consequences of pleading guilty, and the rights petitioner was relinquishing by pleading guilty. Petitioner also claims the court failed to determine a factual basis for the plea and he further claims he was denied due process and the right to a jury trial because the amount of drugs for which he would be held responsible was not determined by a jury.

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Criminal Action No. 3:04-cr-130, Court File No. 90, Transcript of Guilty Plea]. The court first determined that petitioner understood the nature of the charges against him and the elements

4

of the offenses charged that the government would be required to prove beyond a reasonable doubt. [*Id*. at 6]. The court then advised petitioner of the rights he was waiving by pleading guilty. [*Id*. at 7-9]. Upon questioning by the court, petitioner denied that he had been promised a lighter sentence in return for pleading guilty. [*Id*. at 9]. At the court's request, the prosecutor read into the record the Stipulation of Facts, which had been signed by petitioner and attached to his plea agreement, and then summarized the government's evidence against petitioner. [*Id*. at 9-21]. Petitioner affirmed that he had signed the Stipulation of Facts and that he was pleading guilty because he was in fact guilty. [*Id*. at 21].

Petitioner was advised of the minimum and maximum sentence he was facing, including a minimum mandatory term of life imprisonment. [*Id*. at 22]. The court then advised petitioner that his sentence would be determined by the court in conformity with the Sentencing Guidelines. [*Id*. at 24].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In addition, it is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*,

5

526 F.2d 690, 696-97 (5th Cir. 1976)).  *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the record, it is clear that petitioner's guilty plea was voluntarily and intelligently made.  Petitioner's claims that the Rule 11 hearing was inadequate and that the court failed to determine a factual basis for the plea lack merit.  The fact that petitioner waived his right to appeal did not render his plea agreement unconstitutional.  *See United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

Similarly, by pleading guilty, petitioner waived his right to have a jury determine the drug quantity for which he would be held responsible.  In the Stipulation of Facts in support of his guilty plea, petitioner stipulated "that for purposes of sentencing, the amount of cocaine hydrochloride for which defendant is accountable, for sentencing guideline purposes, is greater than 15 (fifteen) and less than 50 (fifty) kilograms."  [Criminal Action No. 3:04-cr-130, Court File No. 60, Stipulation of Facts, p. 2].  *See, e.g., United States v. Calloway*, 89 Fed.Appx. 982, 984-85 (6th Cir. 2004) (defendant who stipulated to quantity of drugs in guilty plea waived the right to have a jury determine guilt beyond a reasonable doubt on that element of the offense).

### B.  Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. at 687-88.  In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case.  *Id*. at 690.  Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*).  Because he is seeking relief under § 2255, petitioner bears the

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner first alleges his attorney failed to object to the government's breach of the plea agreement. Petitioner argues that the government agreed to move for a downward departure based upon substantial assistance and that the government's failure to do so constituted a breach of the plea agreement. In his plea agreement, however, petitioner acknowledged that "[t]he decision of whether or not to file a motion for downward departure lies within the sole discretion of the United States." [Criminal Action No. 3:04-cr-130, Court File No. 59, p. 6, ¶ 10].

During the sentencing hearing, the government advised the court that it could not at that time move for downward departure, but was hopeful that a motion for downward departure would be filed in the future. [*Id*., Court File No. 89, Transcript of Sentencing Hearing, p. 7]. That decision being within the government's sole discretion, any objection by defense counsel would have been futile and thus petitioner's claim of ineffective assistance of counsel in this regard lacks merit. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner next alleges his attorney failed to object to the court's misconception that it could not depart downward. According to petitioner, his criminal history over-represented his prior crimes and he should not have been sentenced as a career criminal. Petitioner, however, was subject to a statutory mandatory minimum sentence pursuant to 21 U.S.C. §

8

841(b)(1)(A) and the court, absent a motion for downward departure by the government, lacked discretion to depart from  the statutory sentence.  Accordingly, the failure of petitioner's attorney to object in this regard fails to state a claim of ineffective assistance of counsel.

Petitioner next alleges his attorney rendered ineffective assistance of counsel by failing to move to withdraw the guilty plea after the court conducted an inadequate Rule 11 hearing.  As noted previously in this opinion, the court fully complied with the requirements of Rule 11 and thus this allegation of ineffective assistance of counsel lacks merit.

Petitioner next alleges his attorney allowed him to be sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and failed to object to the presentence report with respect to the amount of drugs.  Again, however, petitioner stipulated to the amount of drugs for which he would be held accountable and thus there was no *Apprendi* violation to which counsel should have objected nor was there any reason for counsel to object to the presentence report in that regard.  These claims fail to state a claim of ineffective assistance of counsel.

Petitioner next alleges that his attorney failed to consult with him about an appeal. The Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment."  *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis.  The Constitution does not require lawyers to advise their clients of the right to appeal."  *Id. See*

*also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Petitioner was represented by appointed counsel Russell T. Greene.  In support of its response to the § 2255 motion, the government has submitted the affidavit of Mr. Russell. Mr. Russell testifies, in relevant part, as follows:

> 4.  It is my practice to discuss filing an appeal and a Defendant's rights to file such an appeal with my client well before the sentencing date.  I discussed with Adrian R. Brown his right to file an appeal during these conferences.  The judge, likewise, discussed his right to appeal.
>
> 5.  I recall discussing Adrian R. Brown's right of appeal.  While explaining the plea agreement and the fact that he had two appeal routes, ineffective assistance of counsel and prosecutorial misconduct.
>
> 6.  I never received any phone calls from Adrian R. Brown following his sentencing hearing regarding an appeal nor any letters regarding an appeal.  In fact we were waiting to hear from the agents and the U.S. Attorney's office about a Rule 30 hearing that never happened.

[Court File No. 7, Affidavit of Russell T. Greene, p. 1].

Petitioner does not claim to have instructed Mr. Greene to file an appeal, but only that Mr. Greene failed to consult with petitioner about an appeal.  Mr. Greene testifies, however, that he in fact discussed an appeal with petitioner.  The court finds Mr. Greene's testimony to be the more credible on this issue;  petitioner has not stated a claim of ineffective assistance of counsel in this regard.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

10

Finally, petitioner alleges his attorney failed to adequately brief the motion to suppress and failed to file a motion to dismiss the indictment. As noted earlier, the indictment was not defective and thus not subject to dismissal.

With respect to the motion to suppress, the court found no constitutional error in the search of petitioner's vehicle. Petitioner has failed to demonstrate that, but for counsel's alleged inadequate briefing, the outcome of the suppression hearing would have been different.

In an amendment to his § 2255 motion, petitioner also alleges counsel was ineffective for failing to object to the use of his prior state convictions, which petitioner claims were invalid. This claim lacks merit. In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court held that a defendant cannot collaterally attack the validity of previous state convictions that are used to enhance his sentence "with the sole exception of convictions obtained in violation of the right to counsel." *Id*. at 487. Petitioner was represented by counsel during his prior convictions and any objection to the validity of those prior convictions would have been futile.

Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

*C. Money Laundering and Santos*

Petitioner alleges his conviction for conspiracy to commit money laundering should be set aside in light of the recent decision in *United States v. Santos*, 128 S.Ct. 2020 (2008), in which the Supreme Court held that, under the money laundering statute, the term "proceeds" means profits from criminal activities, and not merely receipts. *Id*. at 2025. The Supreme Court, however, has not held that *Santos* should be applied retroactively. Accordingly, *Santos* cannot afford petitioner any relief. In any event, petitioner's 240-month sentence on the money laundering conspiracy was ordered concurrent to his life sentence on the drug conspiracy and any alleged error as to the money laundering conspiracy is immaterial.

IV. <u>Conclusion</u>

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability

**SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate

Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Leon Jordan_____
United States District Judge

13